# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ANTHONY GARZA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MAGANA,<br><br>　　　　　Defendants.<br>_____／ | CASE NO. 1:10-cv-02202-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**I.　Procedural History**

Julian Anthony Garza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2010, Plaintiff filed the complaint which is presently before this Court. Doc. 1.

**II.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467
6  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*
7  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898
8  (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the
9  allegations of the complaint in question, and construe the pleading in the light most favorable to the
10 plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22
11 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).
12
13 **III.    Plaintiff's Complaint**
14       Plaintiff is currently a state prisoner at California State Prison, Corcoran (CSPC) in Corcoran,
15 California. The events central to Plaintiff's complaint occurred while he was at prisoner at CSPC.
16 Doc. 1. In the complaint, Plaintiff names Correctional Officer Magana as the defendant in this
17 action. Doc. 1 at 2. Plaintiff seeks monetary damages. Doc. 1 at 3.
18       Plaintiff alleges that in May of 2009 when he was in the Secured Housing Unit (SHU) of
19 CSPC, he received a CDC-193 form stating that Plaintiff had fifteen days to send his property home
20 or else it would be disposed. Doc. 1 at 3. Plaintiff filed a 602 grievance because Plaintiff had not
21 recieved all of his allowed property such as his: T.V., legal work, stamps and paper. Doc. 1 at 3.
22 On June 1, 2009, Plaintiff was transferred to the Administrative Segregation Unit (ASU). Doc. 1
23 at 3. Later that week, Defendant Magana told Plaintiff that there was no need for Plaintiff to proceed
24 with his appeal because Plaintiff was no longer housed in the SHU. Doc. 1 at 3. Defendant Magana
25 told Plaintiff that all of Plaintiff's property would be reissued to Plaintiff upon his release from the
26 ASU. Doc. 1 at 3. Plaintiff has been out of the ASU for over a year and had not received his
27 property. Doc. 1 at 3. Plaintiff was informed that his property was disposed. Doc. 1 at 3.
28

## IV. Plaintiff's Claims

### A. Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, deprivation of an inmate's property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *Hudson*, 468 U.S. at 533.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted).

Plaintiff fails to link the deprivation the individual who authorized the deprivation. Defendant Magana's role in misinforming Plaintiff that there was no need to proceed with his appeal of the order that Plaintiff should send his property home is insufficient to link Defendant to the

3

underlying order which resulted in the disposal of Plaintiff's property.

### B.      Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has failed to demonstrate how Defendant Magana was responsible for the order to dispose of Plaintiff's property. Although Plaintiff alleges that Defendant Magana misinformed Plaintiff regarding his need to proceed with his administrative grievance, there was no guarantee that had Plaintiff been able proceed with the grievance process, that would have prevented the disposal of Plaintiff's property. If Plaintiff chooses to amend, Plaintiff must link a defendant to the action which caused the alleged deprivation of property.

### V.      Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 29, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 11, 2012

UNITED STATES MAGISTRATE JUDGE