**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ANTHONY GARZA,<br><br>          Plaintiff,<br><br>     v.<br><br>MAGANA,<br><br>          Defendants.<br>_____/ | CASE NO. 1:10-cv-02202-GBC (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>Doc. 7 |

**I.     Procedural History**

Julian Anthony Garza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2010, Plaintiff filed the original complaint. Doc. 1. On September 12, 2012, the Court dismissed the action and required Plaintiff to file an amended complaint. Doc. 6. On October 15, 2012, Plaintiff filed his first amended complaint which is currently before this court. Doc. 7.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467
7  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*
8  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898
9  (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the
10 allegations of the complaint in question, and construe the pleading in the light most favorable to the
11 plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22
12 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

13

14 **III.   Plaintiff's Complaint**

15       Plaintiff is currently a state prisoner at California State Prison, Corcoran (CSPC) in Corcoran,
16 California. The events central to Plaintiff's complaint occurred while he was at prisoner at CSPC.
17 Doc. 1; Doc. 7. In the complaint, Plaintiff names Correctional Officer Magana as the defendant in
18 this action. Doc. 1 at 2; Doc. 7 at 2. Plaintiff seeks monetary damages or injunctive relief. Doc. 1
19 at 3; Doc. 7 at 3.

20       Plaintiff alleges that in May of 2009 when he was in the Secured Housing Unit (SHU) of
21 CSPC, he received a CDC-193 form stating that Plaintiff had fifteen days to send his property home
22 or else it would be disposed. Doc. 1 at 3; Doc. 7 at 3. Plaintiff filed a 602 grievance because
23 Plaintiff had not received all of his allowed property such as his: T.V., legal work, stamps and paper.
24 Doc. 1 at 3; Doc. 7 at 3. According to Plaintiff, the 602 grievance put a stop to the CDC 193 and
25 extending the disposition date. Doc. 7 at 3. Before Plaintiff could proceed further with his 602
26 grievance, he was transferred to the Administrative Segregation Unit (ASU) where the policy of
27 sending property home does not apply. Doc. 7 at 3. According to Plaintiff, the policy is that in ASU,
28 inmates shall have their property inventoried and stored. Doc. 7 at 3. According to Plaintiff, Title

15 states that if an inmate is released to general population, all allowable property shall be returned and this is why Defendant Magana gave Plaintiff a CDC 1083 inventory sheet on which Defendant Magana wrote that Plaintiff would be given all of his property upon being released to the general population. Doc. 7 at 3. As of September 25, 2012, Plaintiff still has not received his property. Doc. 7 at 3. Plaintiff also states that it is policy that an employee of CDC take liability for the destruction or damaging of an inmate's property and in such a situation, they will reimburse the items. Doc. 7 at 3. According to Plaintiff, Defendant Magana stated that his TV would not turn on and it would be replaced and a TV is an item that inmates are allowed in any area of prison, so Plaintiff argues that his TV should be replaced. Doc. 7 at 3.

## IV. Plaintiff's Claims

### A. Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, deprivation of an inmate's property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *Hudson*, 468 U.S. at 533.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

*Logan v. Zimmerman Brush Co.*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted).

Plaintiff alleges that Defendant Magana's failure to correctly follow the established regulations regarding storage and restoring property resulted in Plaintiff losing his property. The Court takes judicial notice of 15 CCR § 3190 (2009), 15 CCR § 3191 (2009), 15 CCR § 3044 (2009). Section 3190(t) states:

> Privilege Group A or B inmates placed in administrative segregation (AD SEG) shall have their property inventoried and stored pending the outcome of Initial Classification Committee review. If the inmate is released to general population and maintains their Privilege Group A or B assignment, all allowable property shall be returned. If the inmate is retained in AD SEG, all allowable property as determined by current departmental regulations shall be reissued to the inmate. If the inmate received a SHU term, the inmate shall be required to dispose of unallowable property due to privilege group and/or security level and/or institution mission change in accordance with section 3191(c).

15 CCR § 3190(t). Section 3191(c) provides five options to dispose of property including the option presented to Plaintiff to mail the property home. 15 CCR § 3191(c). Defendant Magana's failure to follow these established regulations fails to state a due process claim under § 1983 given that such deprivation would either be negligent or random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

### V. Conclusions and Order

The Court finds that Plaintiff's first amended complaint filed on October 15, 2012, fails to state any Section 1983 claims upon which relief may be granted against the named defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal

citations omitted).  However, in this action, Plaintiff filed two complaints and received substantial guidance from the Court in its initial screening order.  Doc. 6.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

      Accordingly, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   October 22, 2012

UNITED STATES MAGISTRATE JUDGE

5